**SOUTHERN PAC. CO. v. LION BONDING & SURETY CO. et al. (No. 9938.)**

Court of Civil Appeals of Texas. Dallas. April 16, 1927.

**1. Insurance** ⬳21—Deposit required of fidelity, guaranty, and surety companies, is made trust fund to secure surety business (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4928–4930, 4932).

Deposit required of fidelity, guaranty, and surety companies, before they can do business in state under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4928–4930, is made a trust fund only for obligations of a fidelity, guaranty, and surety business, since amount of liability under contracts in article 4932 can refer only to surety contracts.

**2. Insurance** ⬳21—Foreign surety company, making required deposit to do surety business, need not make deposit to do other insurance business (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4930, 4942a–4942e).

Foreign fidelity, guaranty, and surety company, which had deposited $50,000 in securities under Vernon's Sayles' Ann. Civ. St. 1914, art. 4930, was not required, in order to do additional business under articles 4942a et seq., relating to casualty and other insurance companies, except fire, marine, and life insurance companies, to comply with provision of article 4942e by making deposit therein prescribed.

**3. Insurance** ⬳21—Judgment arising under surety business against foreign corporation doing other insurance business also held superior claim against deposit with state over judgments arising from other business (Vernon's Sayles' Ann. Civ. St. 1914, art. 4930, 4942a–4942e, 4942v).

Where fidelity, guaranty, and surety company had deposited $50,000 in securities with state treasury, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 4930, and also conducted other insurance business provided for by articles 4942a et seq., holder of judgment on obligation arising from surety business *held* entitled to priority in payment out of $50,000 deposit as against holders of judgments arising from other business, since, under articles 4942a, 4942e, and 4942v, deposit was not required for the other insurance business.

**4. Insurance** ⬳26—Holder of judgment against foreign surety corporation adjudged insolvent held entitled to interest during time of receivership.

Holder of judgment against foreign surety corporation which was adjudged insolvent and its estate administered through receiver *held* entitled to interest on judgment during time of receivership.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Receivership proceeding against the Lion Bonding & Surety Company and others, in which the Southern Pacific Company intervened. From a judgment denying priority to its claim, the Southern Pacific Company appeals. Reversed and rendered.

Robertson, Robertson & Gannon, of Dallas, for appellant.

W. J. Rutledge, Jr., of Dallas, for appellees.

JONES, C. J. Appellee Lion Bonding & Surety Company, a foreign corporation with a permit to do business in this state, was duly adjudged insolvent by a district court of Dallas county, and its estate is being duly administered by said court through a receiver appointed on the 21st day of April, 1921. This adjudication and the appointment of the receiver was the result of a suit filed in said court by a mortgagee creditor of said bonding company on whose matured claim a default had been made. Appellant, Southern Pacific Company, had theretofore secured a final judgment in the district court of Galveston county against said appellee, as surety on a bond of guaranty, upon which an unsatisfied execution had been issued. On August 25, 1922, appellant intervened in said suit and set up the fact of its judgment obtained in a district court of Galveston county on March 19, 1919, in the sum of $730.90, together with interest at the rate of 6 per cent. per annum from date of judgment, and for all court costs, and prayed that this claim be allowed in its full amount, and that it be declared a superior claim to all other claims except those within its class. The petition for intervention contained all necessary allegations in reference to appellant's alleged right of priority. The trustee and other creditors contested this right of priority of claims within the class of appellant's claim, and, upon hearing, judgment was entered al-

lowing appellant's claim for the amount of the judgment, court costs, and for interest at the rate of 6 per cent. per annum to the date of the appointment of the receiver, but denied the claim of the right of priority. Appellant has duly perfected its appeal to this court, and there is presented here the questions as to right of priority and of interest during the receivership.

On May 19, 1913, appellee bonding company was authorized to do in the state of Texas a fidelity, surety, accident, health, burglary, and theft insurance business. This authority was renewed each year thereafter; the last certificate being granted on May 18, 1920. The agreed statement shows that, beginning with the permit of 1914, the subject of plate glass insurance was added to the business it was authorized to transact; that the permit for the year 1916 omitted the subject of theft from the authorized business; the subsequent permits, except as to the last one issued, were identical with the one of 1916. The last permit, issued May 18, 1920, authorized the doing of a fidelity, surety, plate glass, accident, health, automobile liability, property damage, fire, theft, transportation, and burglary insurance.

At the time the bonding company was first authorized to do business in this state, it deposited with the state treasurer securities of the value of $50,000, as required by article 4930 of Vernon's Sayles' 1914 Revised Statutes. These securities were in the possession of the state treasurer at the time of the appointment of the receiver, and, by order of the court duly entered, the state treasurer delivered such securities to the receiver as a part, in fact all, of the estate of said bonding company. At the time the judgment was entered on appellant's claim, there was in the hands of the receiver, as proceeds of such securities, a sum of money in excess of $33,-000, which was sufficient to pay in full all claims of the same class as appellant's claim, but was not sufficient to pay in full all outstanding obligations of the bonding company.

It was contended by the receiver of the said bonding company that the deposit made with the state treasurer in pursuance of the provision of article 4930, supra, was for the benefit of the holders of all obligations of such company wheresoever incurred, if the claimants established them by final judgment. It was contended by appellant that the deposit, under the terms of said statute, became a trust fund primarily for the benefit of holders of obligations arising under the surety business of such company as authorized by the provisions of chapter 13 of title 71, supra. The trial court adopted the view of the receiver and entered judgment in accordance with such theory, and this action is assigned as error.

These respective contentions must be determined by the provisions of our statutes relating to this subject. As some of these provisions have been amended in important particulars since the filing of this suit, the citations will be from Vernon's Sayles' Civil Statutes 1914. Chapter 13 of said title relates to fidelity, guaranty, and surety companies. Chapter 14A of said title relates to casualty and other insurance companies, except fire, marine, and life insurance companies.

Article 4942a of the latter chapter provides for the incorporation of domestic companies to do the character of business authorized by said chapter and enumerated in said article. Article 4942v provides that:

"Only companies organized and doing business under the provisions of this act shall be subject to its provisions."

Article 4942e provides that:

"Any company organized under the provisions of this act shall have not less than $100,000 of capital stock subscribed, paid in, in cash, with an additional fifty thousand dollars of capital stock subscribed and fully paid in, in cash, for every kind of insurance, more than one of which it is authorized to transact as specified in any of the subdivisions; provided, that such companies with $200,000 of capital stock subscribed and fully paid in, in cash, shall be authorized to transact all and every kind of insurance specified in any and all of the subdivisions. * * *"

Said article also provides that:

"Upon such company furnishing evidence satisfactory to the commissioner of insurance and banking that the capital stock as herein prescribed has been all subscribed and paid up in cash in good faith, and that such capital stock has been invested as herein prescribed, and upon the deposit of the sum of $50,000 of such securities or in cash with the state treasurer, then the commissioner of insurance and banking shall issue to said company a certificate authorizing it to do business."

It is further provided in said article that, if such company shall be required by the law of any other state, as a requirement for doing any insurance business in such state, to deposit with the state treasury of this state any securities or cash in excess of the $50,-000 deposit, such company may deposit an additional amount with the state treasurer sufficient to enable it to meet such requirements.

It is manifest, from the provisions of said chapter 14A, that the deposit of $50,000 required by article 4942e is not required of foreign corporations doing only the character of business in this state as described in said chapter, and it appears that the department of insurance of this state has not required such deposit from a foreign company doing such business. The deposit required to be made under article 4942e is not specifically made a trust fund for any purpose. It is therefore manifest that the deposit of securities made by the Lion Bonding & Surety Company of the value of $50,000 was made

under the provision of article 4930, supra, and the court administering upon the estate of said bonding company through its receiver must be controlled by the provisions of said article in administering this asset of such estate.

[1] In order to do the business of a fidelity, guaranty, and surety company in this state, article 4930, supra, provides that:

"Such company, to be so qualified to so act as surety or guarantor, must comply with the requirements of every law of this state applicable to such company doing business therein; must be authorized under the laws of the state where incorporated, and under its charter, to become surety upon such bond, undertaking, obligation, recognizance or guaranty; must have a fully paid up and safely invested and unimpaired capital of at least $100,000; must have good available assets exceeding its liabilities, which liabilities for the purpose of this chapter shall be taken to be its capital stock, its outstanding debts," etc.

Said article also provides that such company—

"must also have on deposit with the treasurer of this state at least $50,000 in good securities, worth at par and market value at least that sum, of the value of which securities the commissioner of insurance shall judge, held for the benefit of the holders of the obligations of such company."

What obligations are here designated? Manifestly they could be only the obligations designated in this chapter, but said article itself makes it plain as to the character of obligations, in this language:

"Said securities so deposited with said treasurer to remain with him in trust to answer any default of said company as surety upon any such bond, undertaking, recognizance, or other obligation, established by final judgment upon which execution may lawfully be issued against said company."

It can be only the obligations of a fidelity, guaranty, and surety business to secure which this deposit is made by this statute a trust fund. This conclusion is placed beyond question by the provisions of article 4932 of said chapter 13. This article provides the manner in which the certificate to do business in this state may be surrendered and the company have returned to it this deposit of $50,000 in securities. This provision is that:

"Said company shall file with said commissioner of insurance and banking a statement in writing, under oath, giving the date, name, and amount of all its then existing obligations of suretyship in this state, briefly stating the facts of each case to said commissioner, who, after examination of the facts, shall require said company to file with the treasurer of this state a bond, payable to the state, in a sum equal to the whole amount of its liability in this state, under its contracts, conditioned for the faith-ful performance and fulfillment of all its outstanding obligations, or it may, at its option, reinsure its risks in some surety company authorized to do business in this state. * * *"

The amount of liability under contracts can refer only to surety contracts:

[2-4] The Lion Bonding & Surety Company was authorized by its charter, and by its permit, to do business in this state other than that authorized by the provisions of said chapter 13, and in the doing of such other business incurred additional liabilities. This other business was of the character authorized by chapter 14A. It being a foreign company, we have shown that it was not required for this additional business to comply with the provision of article 4942e, by making the deposit therein prescribed. As the provisions of article 4930 do not make the deposit of $50,000 a trust fund for the benefit of those claimants whose debt against the said company arose from the transacting of this additional business with such company, it follows, in our opinion, that the court erred in placing the holders of judgments arising from that character of business on an equality with appellant's judgment and judgments of a similar class. We are of the opinion also that the court erred in not allowing interest on this judgment during the time of the receivership, and conclude that this judgment should be reversed and here rendered that appellant be paid in full, with interest, during the entire time, at the rate of 6 per cent. per annum, and it is so ordered.

Reversed and rendered in favor of appellant.